CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS 2013 APR 25  AM 10: 32
WICHITA FALLS DIVISION

DEPUTY CLERK_____

| | | |
|---|---|---|
| DEBRA L. BAKER, | § | |
| TDCJ #1201529, | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | Civil No. 7:12-CV-183 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Debra L. Baker, a state prisoner, has filed a petition, (Doc. 1), for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the petition should be dismissed as time-barred.

### I. BACKGROUND

Baker challenges the Director's custody of her pursuant to a judgment and sentence of the 97th District Court of Clay County, Texas. On February 2, 1994, Baker was found guilty of first-degree murder; she received a fully probated sentence of ten years. On August 19, 2002, Baker's community supervision was revoked for violations of the conditions of her parole; she was sentenced to nine years and 360 days imprisonment. The Board of Pardons and Paroles has twice—on June 16, 2004, and again on May 28, 2008—reviewed Baker for release to parole; the Board voted to deny parole both times.

After Baker filed a time dispute resolution (TDR) form with the Classification and Records Department (CRD) of the Texas Department of Criminal Justice (TDCJ) on May 19, 2006, the CRD

1

responded on February 10, 2007 that there had been no error in her time calculation. Baker's first application for state writ of habeas corpus, filed January 5, 2012, which asserted that her parole eligibility date had been calculated in violation of the ex post facto clause, was denied without written order on March 28, 2012 by the Texas Court of Criminal Appeals (CCA). Baker's second application for state writ of habeas corpus, filed May 29, 2012, again asserted that her parole eligibility date had been calculated in violation of the ex post facto clause; it was denied without written order by the CCA on August 8, 2012. The instant petition, (Doc. 1), was filed on October 22, 2012.

In its order, (Doc. 5), of October 25, 2012, this court directed Respondent Rick Thaler, Director TDCJ-CID, to file a preliminary response and any relevant state court records regarding whether the instant action is barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") by either limitations or failure to exhaust. In its order, the court also informed Baker that, should Director Thaler's response contend that Baker's action is time barred, Baker "may file a reply within twenty (20) days after Respondent files his preliminary response." (Doc. 5).

On December 20, 2012 Director Thaler filed his preliminary response with this court. (Doc.10). In his response, Thaler argues that Baker's petition is time-barred under AEDPA. On January 9, 2013, Baker filed her Reply. (Doc. 13).

## II. ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year limitation period during which an inmate must file any federal petition for writ of habeas corpus in which she seeks relief under § 2254. The AEDPA provides in pertinent part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus

by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Baker claims that the ex post facto clause of the Constitution was violated when her parole eligibility date was calculated under a statute enacted after Baker had committed the underlying offense. Baker committed the underlying offense in 1990, and was convicted on February 2, 1994. Her parole eligibility date was initially determined no later than June 16, 2004. Absent tolling, the limitation period for Baker to have filed an opposition to the method by which her parole eligibility date was calculated would have ended one year later, on June 16, 2005. The instant petition, filed on October 22, 2012, is untimely.

Baker was afforded the opportunity to show cause as to why this action is not time-barred. In her Reply, (Doc. 13), Baker dwells on the question of whether her two state habeas petitions tolled the limitations statute; however both of these petitions were filed in 2012, years after the limitations

3

period had ended on June 16, 2005. Baker has not shown any impediment to filing created by State action in violation of the Constitution or laws of the United States, she has not shown any right newly recognized by the Supreme Court made retroactive on collateral review, and she has not shown that she could not have discovered the factual basis of her grounds for relief in a timely manner through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). Therefore, Baker is not entitled to statutory tolling.

The court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that the one-year statute of limitations is subject to equitable tolling). The limitation period applicable to habeas actions is not a jurisdictional bar and can, in rare and exceptional circumstances, be equitably tolled. *E.g., Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "[S]uch tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond her control (3) that made it impossible to file her petition on time." *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998).

For equitable tolling to be appropriate, external forces, rather than a litigant's lack of diligence, must account for the failure of a complainant to file a timely claim. *See Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 235 (1959) (finding a limitation period equitably tolled where the adversary misled the complainant with regard to the deadline for filing an action). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting her rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128

4

(5th Cir. 1996)). Such tolling is an extraordinary remedy that courts should extend sparingly and not to what may be, at best, a garden variety claim of "excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Coleman*, 184 F.3d at 402.

"[N]either a plaintiff's unfamiliarity with the legal process nor her lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)). Furthermore, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher*, 174 F.3d at 714 (citing *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992)); *see also Barrow*, 932 F.2d at 478 ("lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," and "ignorance of legal rights" generally do not justify tolling). In the case at bar, Baker has not presented any arguments, facts, or circumstances sufficient to warrant equitable tolling.

### III. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the instant petition for writ of habeas corpus be **DISMISSED** as **TIME-BARRED**.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written

objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

The clerk shall mail a copy of this order to Petitioner at her last known address by certified mail, return receipt requested, and to all other counsel of record by first class mail or electronically.

DATED this 25th day of April, 2013.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE